

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

EARNEST LEE GLOVER, JR., §
a/k/a Ernest Lee Glover, Jr., §
　　　　　　　　　　　　　　　§
　　　Petitioner, §
　　　　　　　　　　　　　　　§
v. § 2:15-CV-250
　　　　　　　　　　　　　　　§
LORIE DAVIS, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
　　　　　　　　　　　　　　　§
　　　Respondent. §

## REPORT AND RECOMMENDATION TO
## DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner, a state inmate confined in the Texas Department of Criminal Justice, Correctional Institutions Division at the Bill Clements Unit in Potter County, Texas, has filed a "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241" alleging he is being unlawfully confined by respondent. For the following reasons, petitioner's habeas application should be DENIED.

On September 25 and 28, 2007, petitioner was convicted of two (2) separate offenses of aggravated sexual assault out of the 264th Judicial District Court, Bell County, Texas, and was sentenced to 99-year concurrent terms of imprisonment. *State v. Glover*, Nos. 60,593 and 61,849. Petitioner did not file direct appeals challenging his convictions, nor did he initially seek collateral review of his convictions through state habeas corpus proceedings. Petitioner's first challenge to his convictions was in a federal habeas corpus proceeding which was dismissed August 21, 2008 due to petitioner's failure to first exhaust his state court remedies. *Glover v. Quarterman*, No. 5:08-

CV-226 (Western District of Texas, San Antonio Division). On January 6, 2009 and May 20, 2009, petitioner filed applications for state writs of habeas corpus with the trial court challenging his convictions. On May 13 and 21, 2009, the state trial court entered findings of fact and conclusions of law recommending petitioner's state habeas applications be denied. On June 3 and 17, 2009, the Texas Court of Criminal Appeals denied petitioner's state habeas applications without written order based on the trial court's findings. *In re Glover*, Nos. 71,084-04 and -06. Petitioner again attempted to challenge his convictions in federal habeas corpus proceedings, however, those actions were dismissed on September 21, 2009 and October 23, 2009 as time barred by the statute of limitations. *Glover v. Thaler*, Nos. 5:09-CV-538, 5:09-CV-539 (Western District of Texas, San Antonio Division).[1]

On August 13, 2015, petitioner submitted a Motion to Proceed *In Forma Pauperis* in this Court. He indicated he was "challenging no Judgment in the 'white cards' of case number 60,593 and 61,849 denied without written order 60,593 (June 18, 2009) 61,849 (June 4, 2009) under 28 U.S.C. § 2241." Petitioner did not indicate the nature of the lawsuit he intended to file, nor did he submit any initial Complaint or Petition with his motion. On August 18, 2015, the undersigned ordered petitioner to submit a form Complaint or Petition adopted by the Northern District of Texas to be utilized in initiating a proceeding in federal court. On September 1, 2015, petitioner submitted two (2) petitions for federal habeas corpus relief under 28 U.S.C. § 2241, one challenging his conviction in Cause No. 60,593 and the other challenging his conviction in Cause No. 61,849.[2]

---

[1] Petitioner also filed several petitions for writs of mandamus with the Texas Court of Criminal Appeals as well as with the Third District state intermediate appellate court, and also attempted to file a petition for discretionary review with the Texas Court of Criminal Appeals despite not having filed a direct appeal of his conviction.

[2] Petitioner's applications are identical except for challenging different cause numbers. Consequently, the undersigned will refer to the petitions in the singular.

By his application and an accompanying memorandum, petitioner essentially argues that when he filed his applications seeking state writs of habeas corpus, his underlying judgments of conviction were "lawfully set-aside." Petitioner's argument appears to be that the Texas Court of Criminal Appeals then failed to enter certain orders petitioner contends were required, thereby resulting in the Court of Criminal Appeals losing jurisdiction over the actions while the convictions were set-aside. Petitioner thus appears to contend there are no existing valid judgments of conviction under which he can be confined.

Petitioner also appears to argue that the Texas Court of Criminal Appeals' rulings denying petitioner state habeas corpus relief were simply "preliminary notice[s] of intent to deny habeas corpus without written order" and that by failing to enter a separate written and signed judgment "remanding petitioner to custody," that court's decisions were not final. Petitioner also appears to argue that the Court of Criminal Appeals' rulings were not final because that court did not issue a mandate by a certain date, thereby abandoning its jurisdiction over the habeas corpus proceeding. Petitioner contends, as a result, that there are no valid judgments of conviction under which he can be confined.

Lastly, petitioner appears to argue that by failing to issue an order to reinstate the "set-aside" judgments of conviction or issue an "order of re-commitment" to the state trial court, the State's custody of petitioner was terminated for lack of valid judgments. Petitioner argues he is thus entitled to "unconditional release" and federal habeas corpus relief pursuant to 28 U.S.C. § 2241.[3]

---

[3] In a "Motion for Order of Show Cause" filed August 10, 2016, petitioner appears to possibly be attempting to assert additional grounds, to wit: (1) "[T]he Texas Court of Criminal [Appeals] never issued an order for closure of state writ signed by a quorum of a three judge panel required by the state Constitution;" and (2) the "trial court finding of facts on habeas corpus was based entirely upon the docket entries of the original trial judge . . . which are impermissible." Such grounds are improperly raised in a motion and will not be addressed. Even so, such grounds are frivolous and without merit.

## NO MERIT TO PETITIONER'S ALLEGATIONS

Petitioner filed state habeas applications challenging his 2007 aggravated sexual assault convictions and the resultant 99-year concurrent sentences. *In re Glover*, Nos. 71,084-04 and -06. The state trial court entered Findings of Fact and Conclusions of Law finding petitioner's state habeas application was without merit, and that petitioner was lawfully restrained and confined. The trial court certified the habeas record and forwarded it to the Texas Court of Criminal Appeals, with that court receiving the records on May 18, 2009 and May 26, 2009. On June 3 and 17, 2009, the Texas Court of Criminal Appeals denied petitioner's state habeas applications without written order based on the findings of the trial court without a hearing.

Petitioner's 2007 judgments and sentences were never "set-aside" or in any other way disturbed by the mere *filing* for state habeas corpus relief. In fact, petitioner's judgments of conviction were not compromised in any way by the state habeas courts' actions or inactions in the underlying state habeas proceeding.

In petitioner's state habeas corpus proceedings, the Texas Court of Criminal Appeals, as permitted by statute, denied "relief upon the findings and conclusions of the hearing judge without docketing the cause" when it denied petitioner's state habeas application for writ of habeas corpus without written order. *Cf. Allen v. Cockrell*, 2003 WL 21946940 (N.D. Tex. June 26, 2003). The absence of a "judgment [entered by the Texas Court of Criminal Appeals] remanding the petitioner to custody" did not affect the validity of petitioner's state court conviction and sentence. Petitioner has not shown the judgment and sentence of the convicting court (the state trial court) are not controlling. The action taken by the Texas Court of Criminal Appeals on June 3 and 17, 2009 denying petitioner's habeas corpus applications without written order was a final ruling or "final disposition" on the merits in petitioner's state habeas corpus proceeding. *Cf. Ex parte Santana*, 227

S.W.3d 700, 704 (Tex.Crim.App. 2007).

The Texas Court of Criminal Appeals was not required to issue "an order of re-commitment" or an order to "reinstate" petitioner's conviction or judgment. The Texas Court of Criminal Appeals, in reviewing petitioner's state habeas application, did not find petitioner to be entitled to habeas corpus relief and did not issue the writ. Instead, the court denied relief based on the findings of the state trial court. Petitioner's conviction was never set aside, therefore, no order of re-commitment or order re-instating the conviction was required.

No separate mandate was required because the Texas Court of Criminal Appeals denied, rather than granted, habeas corpus relief. Petitioner has not shown that the Texas Court of Criminal Appeals was required to issue a separate mandate after denying relief in petitioner's collateral proceedings.

The Judgments and Sentences of September 25, and 28, 2007 have not been disturbed and remain intact and enforceable. By those Judgments and Sentences petitioner remains finally convicted of the offenses of aggravated sexual assault. Petitioner's claims are without merit and his application for a writ of habeas corpus should be DENIED.

This Court has seen either the exact or very similar arguments made in another case. As in that case, petitioner's arguments are based upon his having misconstrued provisions of state statute, state constitution and state case law addressing direct appeal, collateral review, and instances where collateral review is granted and relief from a conviction or sentence is actually afforded pursuant to state habeas corpus proceedings. As in that case, petitioner's reliance on such provisions is misplaced. The Court finds no irregularities in the state habeas proceedings, much less any irregularities affecting the validity of petitioner's conviction or sentence or the constitutionality of his confinement. Petitioner's state conviction and sentence remain final, intact and enforceable.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner EARNEST LEE GLOVER, JR. a/k/a Ernest Lee Glover, Jr., be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 19th day of May 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).